UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL CARTER,

                Plaintiff,

v.

UNKNOWN MANDY, *et al.*,

                Defendants.

_____/

Case No.: 21-11568

Mark A. Goldsmith
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

### ORDER DENYING APPOINTMENT OF COUNSEL (ECF No. 26) AND GRANTING IN PART MOTION TO COMPEL (ECF No. 27)

This matter is before the Court on two motions filed by Plaintiff: a motion for appointment of counsel (ECF No. 26) and a motion to compel (ECF No. 27).

    A.    <u>Motion for Appointment of Counsel (ECF No. 26)</u>

On October 4, 2022, Plaintiff moved for an order appointing Frank Lawrence as pro bono counsel. Plaintiff explains that Lawrence responded to a request to represent him. In his response, Lawrence explained that he only accepts pro bono cases through the Court's Pro Bono Panel. (ECF No. 26, PageID.164). He wrote to Plaintiff that in most cases pro bono counsel is not appointed until the plaintiff survives summary judgment, but that sometimes counsel is appointed beforehand. He advised that Plaintiff could request that the Court appoint him as counsel. (*Id.*).

Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25-27 (1981). With few exceptions, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

In support of his motion, Plaintiff asserts that counsel is necessary to review discovery. According to Plaintiff, Defendants are withholding discovery on the grounds that there are security concerns. This issue is addressed below in connection with Plaintiff's motion to compel. Plaintiff also states that he is not given enough time in the library to work on this case. Finally, he states that he has medical and mental health issues. (ECF No. 26, PageID.161-662).

2

The motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**.  The issues in this case are not exceedingly complex.  And through his filings he has shown an adequate understanding of the issues involved here and of litigation.  The difficulties a prisoner-litigant may have in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties do not require the appointment of counsel.  *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *see also Ouellette v. Hills*, 2016 WL 5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance.").  As for the assertion that he has little library time to work on this case, if he should require an extension of time to file a motion or to respond to one, he may file a simple motion to extend.  Should a dispositive motion be decided in his favor on the merits of his claims, he may re-file the motion for the appointment of counsel.

B.   Motion to Compel (ECF No. 27)

On October 13, 2022, Plaintiff moved to compel Defendants to respond to requests for production of video and documents.  There are five requests at issue.

The first contested request is for a video recording of the altercation between Plaintiff and another prisoner, prisoner Austin, on February 25, 2018.  Plaintiff asserts that this is not a valid defense; counsel could be appointed for him to view the video.  (ECF No. 27, PageID.180).  Plaintiff contends that the video is

3

necessary to show that Defendant Freeman approached Plaintiff's cell after the fight, stated that he should put Plaintiff in segregation, and falsely accused Plaintiff of fighting. (*Id.* at PageID.180-81).

Defendants argue that giving Plaintiff video footage of the prison puts the prison at a risk of a security breach, because it would show Plaintiff prisoner movement and facility operations.[1] (ECF No. 28, PageID.200). They provided an affidavit executed by the Michigan Department of Corrections Litigation Specialist for the Office of Legal Affairs, Jaquine Casitllo. Castillo stated that video surveillance footage from the jail does not contain audio. (ECF No. 28-2, PageID.207). Since there is no audio, Defendants assert that the videos will not aid Plaintiff because they cannot reveal the conversation between the parties. Plaintiff did not address this argument in his reply. (ECF No. 29).

The motion to compel this video footage is **GRANTED IN PART**. While the Court accepts the fact that it poses a security risk to the prison should surveillance video get into the hands of a prisoner, it is equally important that litigants get the discovery to which they are entitled. Since the recording did not capture audio, it will probably not reveal a correctional officer accusing Plaintiff of

---

[1] They also argued that Plaintiff's motion is untimely because he did not bring it within 14 days of the beginning of the dispute in accordance with the scheduling Order. The Court will address the motion although Plaintiff is responsible for following Court orders (he asserts that he did not receive the case management order, but it was mailed to address on file) and he brings this motion well beyond 14 days of the dispute. That said, the Court will not entertain future untimely motions.

fighting and telling him he should be in segregation.  Even so, images of the officer with Plaintiff could be relevant to Plaintiff's claims, so Plaintiff is entitled to some measure of discovery here.  Defendants must choose one of two options.  They must either make the video recording available to Plaintiff for a one-time viewing, without the ability to take notes, or, they must provide still shot photographs captured from the video recording which show the officer at Plaintiff's jail cell on the date and time in question.  Either must be completed **within 21 days** of this Order.

The second discovery dispute is about a request for Austin's February 25, 2018, fighting misconduct hearing packet.  (ECF No. 27, PageID.181).  Defendants responded that Plaintiff has the misconduct and misconduct hearing reports for both Austin's and his fight on that date.  (ECF No. 28, PageID.201).  Plaintiff did not challenge this assertion in his reply brief.  Since it appears Plaintiff already has the documents he requested, the motion to compel their production is **DENIED**.

The third dispute is for video of Housing Unit 7 B-Wing shower from February 25, 2018, showing Defendants escorting Plaintiff to the shower cage shortly after the fight with Austin.  In his complaint, Plaintiff alleges that Defendant Mandy tried to coerce Plaintiff into making a written statement snitching on the inmate who assaulted him.  (ECF No. 27, PageID.181).  Defendants' security arguments are applied to this video as well.

As with the first video at issue, the motion with regard to this video recording is **GRANTED IN PART**.  Video without audio recording may not go far to support Plaintiff's allegations, but the fact that the parties were together in the shower area is relevant to his claim.  Defendants must either allow Plaintiff to view the video recording without the ability to take notes or give him still shot photographs captured from the video recording which show the parties in the shower area together **within 21 days** of this Order.

The fourth issue is about a request for the Unit 7 logbook from February 25, 2018, showing which officers were working and who controlled the jail cell panel.  Plaintiff asserts this information is relevant because a second shift Unit 7 officer opened his cell door from the control panel so that Austin could assault him.  (ECF No. 27, PageID.182).  This request is **DENIED**.  Plaintiff did not assert a claim against the unknown officer who opened the door from the control panel in his complaint.  This information is therefore irrelevant to the claims here.

The final request in dispute is for the Michigan Department of Corrections "pocket guide for prisoner rule violations (CAX-398)."  According to Plaintiff, this document lists the criteria for each possible misconduct charge and will establish that Defendants knew that Plaintiff was assaulted and did not engage in a fighting misconduct.  (ECF No. 27, PageID.182).  Defendants did not address this issue in their brief, so the Court considers it unopposed.  This request is **GRANTED**.

Defendants must provide this pocket guide to Plaintiff **within 21 days** of this Order.

Given that this Order requires production of discovery after the discovery period has closed and on the eve of the dispositive motion deadline, the Court will extend case deadlines.  Defendants have 21 days in which to comply with this Order.  The dispositive motion deadline is reset to **December 21, 2022**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: November 8, 2022                             s/Curtis Ivy, Jr.
                                                   Curtis Ivy, Jr.
                                                   United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 8, 2022, by electronic means and/or ordinary mail.

              s/Kristen MacKay
              Case Manager
              (810) 341-7850