UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL CARTER,                           Case No. 21-11568
Plaintiff,
v.                                     Mark A. Goldsmith
                                       United States District Judge

UNKNOWN MANDY AND
UNKNOWN FREEMAN,                       Curtis Ivy, Jr.
Defendants.                            United States Magistrate Judge
_____/


## ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS (ECF No. 33)[1]

Plaintiff Joel Carter filed this prisoner civil rights suit on June 24, 2021,

without the assistance of counsel, alleging violations of the First Amendment to the

United States Constitution.  (ECF No. 1).  It was referred to the undersigned for all

pretrial matters.  (ECF No. 11).  Throughout this lawsuit Plaintiff has been

incarcerated within the Michigan Department of Corrections ("MDOC") at

Macomb Correctional Facility ("MRF").  (ECF No. 1).  Plaintiff alleges that

Defendant Sebastian Freeman and Defendant Darnell Mandy gave him a

misconduct ticket in retaliation for filing a grievance.  (ECF No. 1, PageID.5).

---

[1] Plaintiff's motion is entitled "motion for spoliation sanctions or, in the alternative, summary judgment in favor of Plaintiff based on destruction of evidence[.]"  (ECF No. 33, PageID.316).  Plaintiff appears to be seeking summary judgment as a sanction for alleged spoliation, rather than moving for summary judgment.  The Court shall construe this as a motion for sanctions.

1

This matter is presently before the Court on Plaintiff's motion for sanctions for spoliation of evidence.  (ECF No. 33).

## I.   ANALYSIS

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."  *Billiter v. SP Plus Corp.*, 329 F. Supp. 3d 459, 465 (M.D. Tenn. Aug. 31, 2018) (citing *Clark Constr. Group, Inc. v. City of Memphis*, 229 F.R.D. 131, 136 (W.D. Tenn. Mar. 14, 2005)).  Fed. R. Civ. P. 37 provides that "[i]f electronically stored information that should have been preserved in the anticipation . . . of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court . . . may order measures no greater than necessary to cure the prejudice."  Fed. R. Civ. P. 37(e)(1).  "A district court 'may impose many different kinds of sanctions for spoliated evidence, including dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence.'"  *Yoder & Frey Auctioneers, Inc. v. EquipmentFacts, LLC*, 774 F.3d 1065, 1070 (6th Cir. 2014) (quoting *Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 513 (6th Cir. 2014)).  A party seeking spoliation sanctions based on destroyed evidence must establish:

(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were

2

destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Id.* (quoting *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010)).

Plaintiff alleges Defendants intentionally destroyed the February 25, 2018, video recording of the physical altercation which resulted in Defendant Freeman giving Plaintiff a misconduct ticket.  (ECF No. 33, PageID.320).  Plaintiff asserts the video recording will show non-party prisoner Austin "never entered Plaintiff's cell, a fact in dispute, favorable to Plaintiff."  (*Id.*).

Plaintiff directs the Court to consider the "suspicious circumstances of MDOC employees acting in concert with Defendants to cover up with inconsistent excuses for missing video evidence."  (*Id.* at PageID.319).  Plaintiff indicates Defendant Mandy has informed Plaintiff he is not the custodian of the record and lacks access to the requested video recording.  Plaintiff asserts that MRF Litigation Coordinator located the file identified as video footage of the incident on a "USB drive and it was determined that the file was corrupted and therefore unplayable." (*Id.*).  Plaintiff argues that Defendants failed to produce evidence under "their control and reasonably available to them" and asks the Court "to infer that the evidence is unfavorable to the Defendants."  (*Id.* at PageID.320).

In response, Defendants argue that Plaintiff cannot show that Defendant Mandy ever had control over the video recording in question after February 26,

2018.  (ECF No. 34, PageID.344).  Defendants assert that Mandy reviewed the

video recording by playing it directly from the MRF video monitoring system and

was thus not a custodian of records for the facility and did not personally retain or

control the video.  (*Id.*).  Defendants indicate that Plaintiff cannot show either

Defendant had the requisite "culpable state of mind[.]"  (*Id.*).  They argue the video

recording was preserved pursuant to MDOC policy, but when the litigation

coordinator retrieved the USB drive on which the video was preserved the video

recording was corrupted and unplayable.  (*Id.*).  Attempts to play the video

recording by the Michigan Department of Technology, Management, and Budget

also failed.  (*Id.*).

As to whether there is dispute over if non-party Austin entered Plaintiff's

cell, Defendants argue that Plaintiff's previous statement is that Austin "came to

my cell playing with me."  (*Id.* at PageID.346) (citing ECF No. 31-8, PageID.311).

Defendants also argue whether the physical altercation occurred inside or outside

Plaintiff's cell is not a fact of consequence to this case.  (*Id.* at PageID.352).  The

misconduct ticket for fighting Plaintiff received does not require the physical

altercation to occur in a cell.  (*Id.*).

Plaintiff fails to establish all three of the necessary elements for spoliation

sanctions.  Plaintiff has not established that either Defendant had control over this

evidence.  Defendants submit Defendant Mandy's affidavit that he is not a

custodian of records.  (ECF No. 34-2, PageID.360).  As to culpability, this factor is satisfied "by a showing that the evidence was destroyed *knowingly*, even if without intent to breach a duty to preserve it, or negligently."  *Adkins v. Wolever*, 692 F.3d 499, 504–05 (6th Cir. 2012) (emphasis added).  Plaintiff does not allege any facts which support that Defendants knowingly destroyed evidence.  Plaintiff provides only a bare assertion that "Defendants intentionally destroyed evidence" but fails to provide factual support to underpin this allegation.  (ECF No. 33, PageID.320). In any case, the Court concludes this evidence is not relevant because the evidence would not impact a party's claim or defense such that a trier of fact could find it would support a claim or defense.[2]   Whether non-party Austin entered Plaintiff's cell is unrelated to whether these Defendants retaliated against Plaintiff.  As Plaintiff has not made the request showing for spoliation sanctions, Plaintiff's motion is **DENIED**.  (ECF No. 33).

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R.

---

[2] The Court concurrently entered a Report and Recommendation addressing the merits of this case and the evidence at issue would not impact the Court's determination, even presuming the evidence would show what Plaintiff claims—that non-party Austin did not enter Plaintiff's cell.

Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: March 13, 2023.                    s/Curtis Ivy, Jr.
                                         Curtis Ivy, Jr.
                                         United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 13, 2023.

                                         s/Kristen MacKay
                                         Case Manager
                                         (810) 341-7850

6